IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

ROBERT C. PAYNE,

           Plaintiff,

    Vs.                                  No.  12-4062-SAC

ATTORNEY GENERAL OF
MASSACHUSETTS, *et al.*,

           Defendants.


MEMORANDUM AND ORDER

        The pro se plaintiff, Robert C. Payne, filed this civil action against the attorney generals for the State of Kansas and the State of Massachusetts, the State of Kansas—the Department of Social and Rehabilitation Services, and against a Kansas "IVD" agent, Young Williams. (Dk. 1, pp. 1-2).  He alleges diversity jurisdiction[1] and jurisdiction under the False Claims Act alleging that Massachusetts and Kansas have not complied with 42 U.S.C. § 650, *et seq.*, "Chapt 7 Subpart IV Subsect D of the Social Security Act" and that he is "suing to recover the money allocated to both States under the IVD Program on behalf of the U.S. Gov't and also to receive . . . [his] allotted 10% of the total from 1994 until today."  (Dk. 1, pp. 3-4). The only other allegation regarding this non-compliance is the unexplained

---

[1] On its face, the complaint is lacking complete diversity as the plaintiff is a resident of Kansas.  For that matter, the plaintiff only seeks relief under the False Claims Act.

conclusion: "this is black letter federal law that the states are ignoring." (Dk. 1, p. 6)

Finding Mr. Payne's complaint to lack any factual allegations and to consist only of legal conclusions that would not support an actionable claim in this court, the Magistrate Judge issued an order requiring Mr. Payne "to show cause in writing" to this court "why the case should not be dismissed for failure to state a claim upon which relief can be granted." (Dk. 5). The court granted Mr. Payne an extension of time to file his response, but none was filed. (Dk. 8). In not filing a response, the court considers the plaintiff to have waived not only his right to respond to the show cause order but his opportunity to suggest possible amendments for his deficient complaint.

Because the plaintiff is seeking to proceed *in forma pauperis*, the court shall review the complaint and may dismiss it if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The court is to accept as true all well-pleaded facts and is to draw all reasonable inferences from those facts in favor of the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se filings will be construed liberally, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561

F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1142 (2010).  Dismissal of a complaint is warranted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To avoid dismissal, a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible." Id.  To be facially plausible, the complaint must contain factual content from which the Court can reasonably infer that defendants are liable for the misconduct which plaintiff alleges. *Ashcroft v. Iqbal*, 556 U.S. at 678.

The plaintiff's complaint names the False Claims Act ("FCA") as the sole legal theory for his cause of action.  Besides the absence of any specific factual allegations to support an actionable claim, the complaint fails to cite any specific provisions of the FCA as allegedly applicable to this action.  The FCA "is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government." *Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d 925, 930 (10th Cir.) (citing S.Rep. No. 99-345, at 1 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5266), *cert. denied*, 546 U.S. 816 (2005).  "It empowers a private individual (a relator) to bring a civil claim on his or her own behalf, and on behalf of the Government, against a person or company who knowingly presents a false claim to the Government for payment." *Ridenour v. Kaiser-Hill Co., L.L.C.*, 397 F.3d at 930 (citing 31 U.S.C. §§ 3729(1), 3730(a) and (b)(1)). The FCA subjects to liability "any

person who," commits one of the described acts.  The Supreme Court has concluded that "States are not 'persons' for purposes of qui tam liability under § 3729."  *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 784, 787 (2000).  Because the State or its agencies are not subject to liability under this act, the plaintiff's complaint has failed to state a claim upon which relief can be granted against them.  As for the named individual state officers, "a state employee sued for money damages for actions taken in an official capacity stands in the shoes of the sovereign and is not a person under the FCA."  *U.S. ex rel. Gaudineer & Comito, L.L.P. v.* Iowa, 269 F.3d 932, 936 (8th Cir. 2001), *cert. denied*, 536 U.S. 925 (2002).  The plaintiff's complaint does not allege with particularity any action or personal involvement by the state officers to suggest the claims are brought against the officers in their individual capacities.  *United States ex rel. Burlbaw v. Regents of New Mexico State* University, 324 F. Supp. 2d 1209, 1216 (D. N.M. 2004), *aff'd,*  548 F.3d 931 (10th Cir. 2008).  Finally, the plaintiff's claims are subject to dismissal because *pro se* plaintiffs "cannot maintain a FCA action on behalf of the Government."  *United States ex rel. Pedersen v. Hospital Corporation of America, Inc.*, 2012 WL 718896 at *3 (relying on *Stoner v. Santa Clara County Office of Educ.,* 502 F.3d 1116, 1126-27 (9th Cir. 2007), *cert. denied*, 552 U.S. 1281 (2008); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)), *adopted by*, 2012 WL 718889 (D. Utah. 2012)*.*

4

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

Dated this 3rd day of July, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge